IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GOODMAN BALL, INC.,

    Plaintiff,

v.

MACH II AVIATION, INC., ESCAPE VELOCITY OF TAMPA BAY, INC., WALTER HOLMICH, PETER ARGER, and DOES 1-10, inclusive,

    Defendants.

No. C 10-01249 WHA

**ORDER DENYING SANCTIONS AND VACATING HEARING**

In this patent infringement and breach-of-contract action, plaintiff moves for the imposition of sanctions against defense counsel for failing to appear at the case management conference held on September 22, 2010. For the following reasons the motion is **DENIED**.

Civil Local Rule 16-10 expressly states: "Unless excused by the Judge, lead trial counsel for each party must attend the initial Case Management Conference. Requests to participate in the conference by telephone must be filed and served at least 7 days before the conference or in accordance with the Standing Orders of the assigned Judge."

On September 22, the day of the case management conference, defense counsel at 8:23 a.m. filed an "unopposed" motion to appear telephonically at the 11:00 a.m. conference. The motion was denied shortly after it was filed. Plaintiff's counsel traveled from Southern California and properly appeared at the September 22 case management conference.

Defense counsel did not appear. Plaintiff's counsel filed the instant motion for sanctions seeking one-half of the $8,321.83 in attorney's fees and costs incurred as a result of defense counsel's absence (Ahmadshahi Decl. ¶ 11).

The September 22 motion to appear telephonically was filed in clear violation of Civil Local Rule 16-10, which requires such a request to be filed *at least 7 days before* the conference. The motion was filed about *two hours* before the conference. Defense counsel should have made the motion much earlier. Defense counsel had reasonable notice of the date, time and place of the September 22 case management conference. Defense counsel are responsible for checking the docket in their case on the ECF system at regular intervals and should not blame plaintiff's counsel for their own neglect.

Ordinarily, reasonable expenses incurred as a result of a party's noncompliance with rules would have been granted. Plaintiff's counsel, however, has grossly overreached in his request for sanctions by asking for over four thousand dollars. It cannot be justified and is *not* justified. As a result of this greed, no sanctions will be awarded. Moreover, since the September 22 case management conference went forward without defense counsel present and good use was made of the time, plaintiff was not prejudiced. The order will remain in place and govern these proceedings.

Going forward, all counsel must meet all deadlines and appear in person. The Court's telephone equipment does not make it feasible to hold hearings over the telephone.

For the foregoing reasons plaintiff's motion for sanctions, attorney fees and costs is **DENIED**. The hearing previously set for November 4, 2010, is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: October 26, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2