United States District Court
Northern District of California

Goodman Ball, Inc          Case No:
v.                         C07-01448-B2
Clearwater USA, Inc, et al        MED

MEMORANDUM OF UNDERSTANDING

A mediation was conducted in this action on February 13, 2008 and attended by representatives of Plaintiff ("GBI") and Defendant Escape Velocity of Tampa Bay, Inc. ("Escape Velocity") + counsel. Vicki S. Veenker, Esq., presided as mediator. The parties agreed to settle this action on the following terms:

1. Escape Velocity shall pay GBI $110,000.00 in installments as follows:
   $35,000 ~~$20,000~~ on or before ~~March~~ APRIL 15, 2008
   $30,000 ~~$25,000~~ on or before August 15, 2008
   $25,000 ~~$30,000~~ on or before February 15, 2009
   $20,000 ~~$35,000~~ on or before August 15, 2009

2. The foregoing payments shall be credited to a $5,000.00 royalty due to ~~earned by~~ GBI upon the sale of certain water purification units ("the Units")

The $5,000 royalty shall be earned upon the sale of each Unit.

3. If the sale of a Unit originates with or is generated by GBI, GBI shall be paid a royalty of $7,500 upon the sale of ~~that~~ each Unit.

4. GBI consents to the sale of Units outside of the United States ~~and/for~~ to non-U.S. military purchasers only.

5. The parties shall stipulate to the dismissal of the Action with prejudice, with the Court retaining jurisdiction to enforce the terms of the settlement.

6. In the event of a default in payments, GBI shall give notice by facsimile to Escape Velocity at (813) 628-4988 and to Escape Velocity's attorney Caryl Delano at (813) 228-6000. If the default is not cured within five (5) days, GBI may seek entry, ex parte, of a judgment against Escape Velocity and

MACH II in the amount of $150,000, less credit for payments made.

7. The parties agree that the promises made shall be more fully described and finalized in a formal "Settlement Agreement and Release of Claims" to be signed by the parties. In the event that no additional Settlement Agreement is ever signed by the parties, this Term Sheet is intended to be, and shall serve as, a valid and enforceable contract.

F. The parties agree that Vicki S. Veenker, Esq. shall retain jurisdiction to resolve disputes relating to the drafting of the Settlement Agreement

Date: 2/13/08      Goodman Ball, Inc.
                   By _____
                   Gavin Ball

Date: 2/13/08      _____
                   Michael S. Ahmadshahi
                   Attorney for Goodman Ball Inc.

Date: 2.13.08      Escape Velocity of Tampa Bay Inc.
                   By Peter Arger

Date: 2/13/08

_____
CARYL E. DELANO
Attorney for
ESCAPE Velocity of
TAMPA BAY, Inc. &
MACH II AVIATION, Inc.
+ Solar Diesel
    Corporation.

## ADDENDUM

9. The parties shall each bear their own attorneys' fees and costs.

10. CBI shall withdraw its pending motion for sanctions.

11. Solar Diesel Corporation shall execute a UCC-1 Financing Statement & Security Agreement in favor of CBI to secure the payments hereunder